UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS

RONALD D. RODDY                          NO.: 3:11-cr-00068-BAJ-RLB

<u>RULING AND ORDER</u>

Before the Court is Petitioner's *pro se* motion requesting that the Court award "31 months" credit against his 63-month federal sentence for unlawful possession of a firearm for time "spent [prior to sentencing] going to medical facilitys [sic] getting evaluated." (*See* Doc. 50 at p. 1). The Government has not responded to Petitioner's motion.

Petitioner's motion will be denied. This is because regardless of the merit of Petitioner's claim, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, "the *Attorney General* must . . . compute the credit that [Petitioner is due] under [18 U.S.C.] § 3585(b)," based on his time spent "getting evaluated." *See id.* at 334 (emphasis added); *see also id.* at 333 ("We do not accept [Petitioner's] argument that § 3585(b) authorizes a district court to award credit at sentencing."). If Petitioner is to obtain the relief he seeks, he must first pursue it through the appropriate administrative channels. *See id.* at 335 ("[T]he BOP [maintains] detailed procedures and guidelines for determining the credit available to prisoners. Federal

regulations . . . afford[] prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations *after* exhausting their administrative remedies." (emphasis added; citations omitted)).

Accordingly,

**IT IS ORDERED** that Petitioner's **MOTION (Doc. 50)** is **DENIED.**

Baton Rouge, Louisiana, this 2nd day of July, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**